UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARLOS AYALA CONDE,

    Plaintiff,

v.                                                                    Case No. 6:19-CV-00217-ACC-DCI

HOSPITALITY STAFFING SOLUTIONS,
LLC, a Foreigh Profit Limited Liability
Company,

    Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, HOSPITALITY STAFFING SOLUTIONS, LLC ("Defendant"), hereby responds to the Complaint ("Complaint") filed by Plaintiff, KARLOS AYALA CONDE ("Plaintiff"), with the following answers and affirmative defenses.

1. In response to Paragraph No. 1 of the Complaint, Defendant admits that it employed Plaintiff for a period of time, and that Plaintiff seeks damages for unpaid overtime under the Fair Labor Standards Act ("FLSA"), his entitlement to which is denied, and denies the remaining allegations contained in Paragraph No. 1 of the Complaint.

2. In response to Paragraph No. 2 of the Complaint, Defendant admits that it employed Plaintiff for a period of time within the three years preceding the Complaint, and otherwise denies the allegations contained in Paragraph No. 2 of the Complaint.

3. In response to Paragraph No. 3 of the Complaint, Defendant admits that it employed Plaintiff as an hourly employee for a period of time within the three years preceding

the Complaint, and otherwise denies the allegations contained in Paragraph No. 3 of the Complaint.

4. In response to Paragraph No. 4 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations contained therein, and therefore denies the allegations contained in Paragraph No. 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph No. 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph No. 6 of the Complaint.

7. In response to Paragraph No. 7 of the Complaint, Defendant acknowledges that Plaintiff seeks damages under the FLSA, his entitlement to which is denied, and denies the remaining allegations contained in Paragraph No. 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph No 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph No. 9 of the Complaint.

10. Defendant admits that it is an employer as defined under the FLSA, and otherwise denies the allegations contained in Paragraph No. 10 of the Complaint.

11. Defendant admits that it is an employer as defined under the FLSA, and otherwise denies the allegations contained in Paragraph No. 11 of the Complaint.

12. Defendant admits that it is an employer as defined under the FLSA, and otherwise denies the allegations contained in Paragraph No. 12 of the Complaint.

13. In response to Paragraph No. 13 of the Complaint, Defendant is without knowledge sufficient to admit or deny the allegations contained therein, admits only that it employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph No. 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph No. 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph No. 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

19. In response to Paragraph No. 19 of the Complaint, Defendant repeats and re-alleges the responses to Paragraph Nos. 1 through 18 of the Complaint as if set forth fully herein.

20. Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph No. 22 of the Complaint.

23. In response to Paragraph No. 23 of the Complaint, Defendant admits only that Plaintiff was paid for all hours worked, and denies the remaining allegations contained in Paragraph No. 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28. In response to Paragraph No. 28 of the Complaint, Defendant acknowledges that Plaintiff seeks a trial by jury, but denies that one is appropriate as there is no genuine issue of material fact and Defendant is entitled to judgment as to Plaintiff's claims as a matter of law.

29. Defendant denies unnumbered "Wherefore" Paragraph following Paragraph No. 28 of the Complaint.

30. Defendant denies all allegations in the Complaint not specifically admitted herein.

## DEFENSES

By asserting these defenses, Defendant does not assume any burden of production or proof that it does not otherwise have.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, as he fails to assert any specific week(s) that he worked in excess of 40 hours, but was not paid overtime.

## SECOND DEFENSE

Plaintiff has been paid all compensation to which he is legally entitled.

## THIRD DEFENSE

Defendant is not subject to liability for any alleged failure to pay certain amounts of compensation alleged to be owed under the FLSA, because any such act or omission was made in good faith in conformity with and in reliance on a U.S. Department of Labor ("DOL") interpretation, administrative practice, or enforcement policy regarding the classification of independent contractors. See 29 U.S.C. §259.

## FOURTH DEFENSE

Plaintiff is not entitled to liquidated damages because the act or omission allegedly giving rise to this FLSA action was in good faith and Defendant had reasonable grounds for believing that act or omission was not a violation of the FLSA. See 29 U.S.C. §260.

## FIFTH DEFENSE

Plaintiff's claims may be barred, either in whole or in part, by the applicable statute of limitations under the FLSA.

**SIXTH DEFENSE**

Any violations of the Fair Labor Standards Act were not willful, ratified by Defendant, or in reckless disregard of the requirements of the FLSA, and therefore any claims must be measured against a two-year statute of limitations.

**SEVENTH DEFENSE**

Plaintiff's claims may be barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 254 as to all hours worked in which they and others were engaged in activities that were preliminary or postliminary to their principal activities.

**EIGHTH DEFENSE**

The Complaint is barred to the extent that the time for which compensation is sought is *de minimis* and therefore is not compensable.

**NINTH DEFENSE**

Defendant is entitled to an offset or credit against any amounts due (which are denied) of an amount equal to the amount it paid, or overpaid, Plaintiff, including but not limited to premium payments under 29 U.S.C. § 207(e).

**TENTH DEFENSE**

Plaintiff's claims for recovery of overtime compensation and liquidated damages are barred for hours Plaintiff did not report.  Plaintiff was responsible for reporting his hours of work.  Defendant neither knew nor had reason to know Plaintiff was working any uncompensated overtime hours and was not accurately reporting his hours of work. Accordingly, Defendant is not liable for any alleged unpaid, unreported overtime hours.

**ELEVENTH DEFENSE**

Plaintiff is estopped from pursuing the claims set forth in the Complaint by reason of his own acts, omissions, and course of conduct, including, but not limited to, his failure to accurately record and report his time as required by his employer.

Defendant reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this proceeding.

Respectfully submitted,

*/s/Jennifer Monrose Moore*
Jennifer Monrose Moore
Florida Bar No. 035602
jennifer.moore@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 25, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system which will send electronic notification to:

Matthew R. Gunter
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979

*/s/Jennifer Monrose Moore*
Attorney

15935848.1